Nathaniel S.G. Braun, SBN 269087
*nbraun@sinclairbraun.com*
Mark A. Talise, SBN 305271
*mtalise@sinclairbraun.com*
Orlando A. Loza, SBN 352966
*oloza@sinclairbraun.com*
SINCLAIR BRAUN KARGHER LLP
15260 Ventura Blvd., Suite 715
Sherman Oaks, California 91403
Telephone: (213) 429-6100
Facsimile: (213) 429-6101

Attorneys for Plaintiff
UNITED FINANCIAL CASUALTY COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED FINANCIAL CASUALTY COMPANY,

Plaintiff,

vs.

FRENCH VALLEY TRANSPORTATION, a California corporation; WILLIE ANTHONY CONANT, JR., an Individual; JONNER TRANSPORTATION, INC., a California corporation; and ANGEL MARTIN ANAYA MARTINEZ, an Individual

Defendants.

Case No.: 5:25-cv-01315

**COMPLAINT FOR DECLARATORY RELIEF**

**STATEMENT OF THE CASE**

1. This is an insurance coverage action to determine United Financial Casualty Company's obligations regarding an underlying lawsuit pending before the California Superior Court for the County of Riverside, styled *Willie Anthony Conant, Jr. v. Jonner Transportation, Inc. et al.*, Case Number CVPS2203256 (the "Underlying Action").

2. The Underlying Action arises out of an automobile accident that occurred on June 22, 2022 (the "Accident"), which allegedly resulted in injury to defendant and underlying plaintiff Willie Anthony Conant Jr. ("Conant"). The Accident was allegedly caused by defendant Angel Martin Anaya Martinez ("Martinez"), who was driving a truck for defendant Jonner Transportation, Inc. ("Jonner") and insured under Jonner's Policy. The operative first amended complaint for the Underlying Action is attached as **Exhibit 1**.

3. At the time of the Accident, Jonner was hauling material for Southwest Boulder & Stone, Inc., which had initially contracted with defendant French Valley Transportation ("French Valley"). French Valley brokered the load to Jonner under a sub-hauling agreement. The sub-hauling agreement is attached as **Exhibit 2**.

4. United Financial issued a commercial auto liability policy to French Valley (the "Policy"). The Policy insured French Valley against liability bodily injury and property damage arising from the ownership, maintenance, or use of an "insured auto." A copy of the Policy, with premiums redacted, is attached as **Exhibit 3**.

5. None of the vehicles involved in the underlying accident qualified as an "insured auto" under the United Financial Policy. Nevertheless, defendant (and underlying plaintiff) Conant has continued to demand money from United Financial.



6. United Financial therefore brings this suit against French Valley, Jonner, Martinez, and Conant to seek a judicial declaration of its rights and obligations under the Policy.

## JURISDICTION AND VENUE

7. Jurisdiction. This is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. This Court has diversity jurisdiction under 28 U.S.C. § 1332. Additionally, this Court has jurisdiction for providing declaratory relief under 28 U.S.C. § 2201.

8. Venue. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 because United Financial is informed and believes that defendants French Valley, Martinez, Jonner, and Conant are all located in the Central District of California.

9. An actual controversy exists regarding the rights, duties, and obligations of the parties regarding the commercial auto policy United Financial issued to French Valley.

## THE PARTIES

10. Plaintiff United Financial is an Ohio corporation, with its principal place of business in Ohio.

11. Plaintiff United Financial is informed and believes, and based thereon alleges, defendant French Valley Transportation is a California corporation, with its principal place of business in California.

12. Plaintiff United Financial is informed and believes, and based thereon alleges, defendant Jonner Transportation, Inc. is a California Corporation, with its principal place of business in California.

13. Plaintiff United Financial is informed and believes, and based thereon alleges, defendant Angel Martin Anaya Martinez is a natural person and at relevant times was a resident of Riverside County, California.



14. Plaintiff United Financial is informed and believes, and based thereon alleges, defendant Willie Anthony Conant Jr. is a natural person and a resident of Riverside County, California.

## GENERAL ALLEGATIONS

15. United Financial is informed and believes, and based thereon, alleges that at the time of the Accident—on or about June 22, 2022—Martinez was driving a 2022 Peterbilt Dump Truck, VIN 1NPXL49X0ND769491 (the "2022 Peterbilt"), with a 2021 Rogue Dump Trailer attached (the "2021 Trailer") from Anza, California to Palm Springs, California on behalf of Jonner.

16. United Financial is informed and believes, and based thereon, alleges that Jonner owned the 2022 Peterbilt that Martinez was driving at the time of the Accident, and that the 2022 Peterbilt and the 2021 Trailer qualified as insured vehicles under a policy of insurance held by Jonner, issued by another insurer, Wesco.

17. United Financial is informed and believes, and based thereon, alleges that at the time of the Accident, Jonner was performing a haul brokered to it pursuant to a sub-hauling agreement that it entered into with French Valley.

18. United Financial is informed and believes, and based thereon, alleges that while Jonner is no longer operating, Jonner held a motor carrier permit issued by the California Department of Motor Vehicles, Motor Carrier Permit number 582425. It also held US Department of Transportation number 3590831.

19. United Financial is informed and believes, and based thereon alleges that Jonner was operating the 2022 Peterbilt under the motor carrier permits issued to Jonner by the applicable state and federal agencies.

20. Jonner was not, and could not legally, operate under motor carrier permits issued to French Valley. Cal. Veh. Code § 34620. The California DMV has explained further, in regulatory guidance and in its motor carrier permit handbook,



that carriers may not haul under the permit of another carrier and must instead obtain and maintain their own Motor Carrier Permit.

21. United Financial issued and underwrote a commercial automobile policy of insurance to French Valley, Policy No. 03373070-01, effective March 19, 2022, to March 19, 2023. Exhibit 3.

22. The Policy states, in pertinent part:

> **INSURING AGREEMENT – LIABILITY TO OTHERS**
>
> Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.
>
> **We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgment or settlements.

**Exhibit 3**.

23. Bolded terms are defined in the Policy. The Policy's coverage section contains the following relevant definitions:

> A. When used in Part I – Liability to Others, **insured** means:
> 1. **You** with respect to an **insured auto**.
> 2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except:
>    (a) Any person while he or she is working in a business of selling, leasing, repairing,







> parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application.
> (b) Any person while he or she is moving property to or from an **insured auto**, other than one of **your employees**, partners (if you are a partnership), members (if you are a limited liability company), or officers or directors (if you are a corporation).
> (c) The owner or anyone else from whom the insured auto is leased, hired, or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.
>
> For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.
>
> 3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I – Liability to Others. If **we** make a filing or submit a certificate of insurance on **your** behalf with a regulatory or governmental agency, the term "**insured**" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such a filing, certificate or endorsement.

**Exhibit 3**.

24. The Policy's main definitions section contains the following relevant definitions:

> 2. "**Auto**" means a land motor vehicle or **trailer** designed for travel on public roads, or any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province





where it is licensed or principally garaged. It does not include **mobile equipment**.

. . .

4. "**Declarations**" or "**declarations page**" means the document prepared by **us** listing **your** policy information, which may include the types of coverage **you** have elected, the limit for each coverage, the cost for each coverage, the specifically described **autos** covered by this policy, and the types of coverage for each specifically described **auto**.

. . .

6. "**Insured auto**" or "**your insured auto**" means:

a. Any **auto** specifically described on the **declarations page**; or

b. An additional **auto** for Part I – Liability To Others and/or Part II – Damage To Your Auto on the date **you** become the owner if:

(i) **you** acquire the **auto** during the policy period shown on the **declarations page**;

(ii) **we** insure all **autos** owned by **you** that are used in **your** business;

(iii) no other insurance policy provides coverage for that **auto**; and

(iv) **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.

. . .

c. Any replacement **auto** on the date **you** become the owner if:

(i) **you** acquire the **auto** during the policy period shown on the **declarations page**;

(ii) the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and



> (iii) no other insurance policy provides coverage for that **auto**.
>
> . . .
>
> 20. "**We**", "**us**" and "**our**" mean the company providing this insurance as shown on the **declarations page**.
>
> 21. "**You**", "**your**" and "**yours**" refer to the named insured shown on the **declarations page**.

**Exhibit 3**.

25. The Policy contains a Form 1891 (02/19) Hired Auto Coverage Endorsement ("Hired Auto Endorsement"), which states in relevant part:

> If **you** pay a premium for this Hired Auto Coverage, then the following definitions are added:
> 1. "**Hired auto**" means an **auto**:
>    a. **you** lease, hire, rent or borrow; or
>    b. **your employee** leases, hires or rents:
>       i. under a contract in that individual **employee's** name;
>       ii. at **your** direction and with **your** express permission; and
>       iii. only while being used in the conduct of **your** business
>
> . . .
>
> **Changes to Part I – Liability to Others**
>
> When used in Part I – Liability to Others, the definition of **insured auto** is amended to include **hired auto**.
>
> . . .

**Exhibit 3**.

26. The Policy includes a Form MCS-90 endorsement ("MCS-90"), which states in relevant part:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insure (the company) agrees to pay, within the limits of liability

> described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

**Exhibit 3**.

27. The Policy includes the MCP 67 endorsement which states in relevant part:

> ***Insurer agrees to each of the following:***
>
> . . .
>
> - To pay, consistent with the minimum insurance coverage required by California Vehicle Code Section 34631.5, and consistent with the limits it provides herein, any legal liability of insured for bodily injury, death, or property damage arising out of the operation, maintenance, or use of any vehicle(s) for which a motor carrier permit is required, whether or not such vehicle(s) is described in the attached policy.
>
> . . .
>
> ***Insurer certifies to each of the following:***
>
> - This insurance policy covers all vehicles used in conducting the service performed by the insured for which a motor carrier permit is required whether or not said vehicle(s) is listed in the insurance policy.
>
> . . .

**Exhibit 3**.

28. Neither the 2022 Peterbilt nor the 2021 Trailer qualify as "insured auto[s]" under the Policy because they are not specifically described under the Policy's "Auto coverage schedule" and do not meet the requirements for being an "additional auto" or "replacement auto" under the Policy. (Exhibit 2.)

29. Neither Jonner nor Martinez meet the definitions of an "insured" under the Policy.

30. The Hired Auto Endorsement is inapplicable to any claims stemming from the Accident because French Valley did not "lease, hire, rent or borrow" the 2022 Peterbilt or 2021 Trailer.

31. United Financial is informed and believes, and based thereon, alleges that the MCS-90 is inapplicable because the haul that Jonner performed was entirely intrastate—from Anza, California to Palm Springs, California—and Jonner and French Valley were both insured under a commercial automobile insurance policy issued by Wesco Insurance Company for an amount that exceeds the federally mandated minimum levels of liability insurance.

32. United Financial is informed and believes, and based thereon, alleges that the DMV 67 MCP endorsement is inapplicable because French Valley did not perform the haul. It was, instead, Jonner that performed the haul while operating under the motor carrier permits issued to it by the applicable state and federal agencies.

33. United Financial is informed and believes, and based thereon, alleges that Wesco Insurance Company has tendered its policy limit to Conant on behalf of all its insureds, including French Valley.

**FIRST CLAIM FOR RELIEF**

**FOR DECLARATORY RELIEF RE: DEFENSE AND INDEMNITY**

34. United Financial re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

35. An actual controversy has arisen and now exists between plaintiff United Financial and defendants French Valley, Jonner, Martinez, and Conant concerning the availability of coverage under the Policy in connection with the Underlying Action or the conduct alleged therein.



36. The plain language of the Policy shows that the 2022 Peterbilt and 2021 Trailer do not qualify as "insured auto[s]" and, thus, there is no coverage under the Policy for the Accident and/or Underlying Action.

37. The plain language of the Hired Auto Endorsement and relevant caselaw interpreting coverage under that endorsement show that it is inapplicable because French Valley did not lease, hire, rent, or borrow the 2022 Peterbilt or 2021 Trailer.

38. United Financial is informed and believes, and based thereon, alleges that coverage under MCS-90 is inapplicable because the haul that Jonner performed was entirely intra-state, and Jonner and French Valley were both insured under a commercial automobile insurance that provides coverage for an amount that exceeds the federally mandated minimum levels of liability insurance.

39. United Financial is informed and believes, and based thereon, alleges that coverage under endorsement DMV 67 MCP is inapplicable because Jonner, and not French Valley, performed the haul while also operating under the motor carrier permits issued to Jonner.

40. For these reasons, United Financial has no duty to defend French Valley, Jonner, and/or Martinez in connection with any claim made by Conant for damages, or any judgment obtained in the Underlying Action.

## **PRAYER**

Wherefore, United Financial prays for relief as follows:

1. On its First Claim for Relief, for Declaratory Relief, for a judicial declaration that United Financial does not owe any duty to defend or indemnify French Valley, Jonner, or Martinez in connection with any claim made by Conant for damages, or any judgment obtained in the Underlying Action.

2. For pre-judgment and post-judgment interest.

3. For costs of suit herein.

4. For any other relief as the Court may deem proper and just.



Dated: May 29, 2025

SINCLAIR BRAUN KARGHER LLP

By: *_/s/-Nathaniel S.G. Braun______*
NATHANIEL S.G. BRAUN
Attorneys for Plaintiff
UNITED FINANCIAL CASUALTY COMPANY

